Case 2:23-cv-00185-JMS-MJD   Document 1   Filed 04/10/23   Page 1 of 9 PageID #: 1

FILED
04/10/2023
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
SOUTHERN DIVISION

KYLE MAURICE PARKS,
     Petitioner,

2:23-cv-185-JMS-MJD

v.

Rule 60(b)(6)
28 U.S.C. §2241

S. KALLIS (WARDEN)
     Respondent.

Member No. 4:15-CR-553
4:18-cv-1923
8th Circuit

OFFICIAL MOTION TO VACATE JUDGMENT
AND SUPPRESSION OF EVIDENCE

    To the Honorable Court, District of Terre Haute, submitted herein, Petitioner Kyle Maurice Parks, Pro Se, to move this Court to vacate judgment and suppress all evidence gathered in the course and execution of warrantless entry of Ohio office by Ohio Attorney General Agent on alleged date known by the Petitioner to be December 4, 2015.

    Rule 60(b)(6) permits a court to grant relief from a final judgment or order for "any other reason justifying relief from the operation of the judgment". See In Re Thermadyne Holding Corp., 283 BR 744 (B.A.P. 8th Cir. 2002)(citing Klathins v. Lundell, 169 F.3d. 540 544 (8th Cir. 1999). Relief is appropriate when circumstances are so unusual or compelling "that extraordinary relief is warranted or when it "offends justice" to deny such relief. See Cashner v. Freedom Stores, Inc., 98 F.3d 572, 580 (10th Cir 1996)(quoting Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1147 (10th Cir. 1990). The petitioner will assert both requirements to pass the gatekeeper. "In the name of fundamental fairness" and "actual innocence" the District Court has never reviewed the issues below and 60 (b)(6) can not be viewed as a

vehicle under second or successive petition. 60(b)(6) can be liberally construed to do substantial justice to allow parties to air meritorious claims in the absence of fault or prejudice, In Re Kirwan: 164 F.3d. 1175, 1177 (8th Cir. 1999)(citing Hilf Realty L.P. v. Rochester Assocs., 92 F.3d. 752, 756, 57 (8th Cir. 1996).

Pursuant to 28 U.S.C. §1291, this Court has jurisdiction to review and upon completion, grant reversal of judgment and suppression of all evidence and testimony from warrantless search of 4209/4211 Donlyn Court, Columbus Ohio, 43232.

Ordinarily searches pursuant to a warrant are reviewed to determine if there was probable cause for the search in the search warrant application and affidavit; see Illinois v. Gates, 462 U.S. 213 236, 103, S.Ct. 2317, 76 L.Ed.2d 527 (1983). See 22-2642, 8th Circuit.

However in the case of United States v. Kyle Maurice Parks, no warrant or affidavit was ever issued by a duly appointed judge or magistrate causing the review under the normal protocal Franks v. Delawar, or U.S. v. Leon, inapropriate. Which now require the Court to review the search as a warrantless entry under the totality of the circumstances. Evidence obtained pursuant to a warrantless search or seizure is inadmissable as fruits of the poisonous tree, unlawful investigatory search, United States v. Green, 52 F.3d. 194 (8th Cir. 1995). When a defendant challenges a warrantless search or seizure, the government carries the burden of justifying the agent's actions. United states v. Maestas, 2, F.2d 1485, 1491 (10th Cir 1993); See also Vale v. Louisaina, 399 U.S. 30, 34, 26 L.Ed.2d 409, 90 S.Ct. 1969(1970) [1990 U.S. App Lexis 7]; Michigan v. Tyler, 436 U.S. 499, 506, 56 L.Ed.2d 486, 98 S.Ct. 1942 (1978)(Emphasis added)(Quoting Camara v. Municipal Court, 387, U.S. 523, 528-29, 18 L.Ed.2d, 930, 87, S.Ct 1727 (1966);

The Court is asked to compel the government to uphold their burden. The Court posses an intimate awareness of the situation with the search of Ohio office, and exercised hands on involvement in the search and revealment that no warrant exists.

It is the Court's responsibility and sworn duty to protect individuals from criminal and constitutional rights violations by government agencies. The question here is whether the search applied the extigent circumstances exception, which only a evidentiary hearing can resolve.

The search of Ohio office can not square with the precedent of the United States Supreme Court or the precedent of this very circuit. Therefore the Petitioner asks that judgment be set aside, all evidence and testimony be suppressed as fruits of the poisonous tree and new trial ordered. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6, L.Ed.2d 1081, 86 Ohio Law Abs. 513 (1961) Marshall, 436 U.S. at 315-16 (quoting Camara, 387 U.S. at 539)(U.S. v. Alberts, 721 F.2d 636, 638 8th Cir. 1983); U.S. v. Reidesel, 987 F.2d 1383(8th Cir 1993).

## COMMERCE WAS NOT VIOLATED

A prosecutor must make a sufficient showing to establish the existence of each and every element essential to his case on which he has a burden, legally and professionally, to prove at trial, Celotex, 477 U.S. at 322-23; Laughin v. Schriro, 430 F.2d 927, 928(8th Cir. 2005) beyond a reasonable doubt. Abscent even one element and the burden has failed. In an affect of interstate commerce is the dominate element in ragards to 18 U.S.C. §1591(a). The violation of commerce out of state is what fashion federal character i.e. (1) the rental of the hotel room which encompasses harbor, (2) the use of a cell phone or any internet device supports an additional element of commerce violation and the element of provide and maintain. Provider of email and bitcoin

maintain the cell phone account, see attached. Lastly obtain to gain. The Court itself granted return of funds to the defendant. Documents in evidence, testimony under oath both reveal the Defendant did not rent a room, use his email, provide the condoms, bitcoin or maintain the cell phone account at any point in violation of interstate commerce, leaving the District Court with insufficient subject matter jurisdiction, lacking federal character. Commerce must be violated in order to counter jurisdiction on this court. Railroad co. v. Skottone, 162 U.S. 490, 16 Sup. Ct. 869, 40 L.Ed. 1048. When jurisdiction is in question this court must decide upon all questions involved. Which appears in the language of the indictment and charge in the reading of the jury instructions. The State of Missouri has full and true jurisdiction to determine guilt under Missouri RSM §567-070.6 Promotion Third Degree. Actual innocence of interstate commerce.

The government is required to prove that a defendant traveled interstate or used a facility in interstate commerce (e.g. the telephone or the internet), with the intent to promote the underlying unlawful activity.

The manufactured jurisdiction concept is properly understood not as an independent defense, but as a collection of three distinct defense theories: (1) outrageous government conduct in violation of due process; (2) entrapment; and (3) a failure by the prosecution to prove an essential element of the crime.

Manufactured jurisdiction is a jury question. Although the interstate travel/interstate facilities element is undoubtedly jurisdictional in nature, it is an element of the offense nonetheless. The question of the sufficiency of the government's proof of an element of an offense are, of course, factual in nature and typically for the

4

jury. Of course, the government's conduct may be so clearly egregious that the court may decide, as a matter of law, that no reasonable juror could find the jurisdictional element proved beyond a reasonale doubt, so that the defendant is entitled to an aquittal as a matter of law.

Once challenged jurisdiction cannot be "rejected", "disposed", "frivolous", or "without any merit". "Once challenged, jurisdiction cannot be assumed, it must be proved to exist." Stuck v. Medical Examiners, 94 Ca.2d 751, 211 P 2d 389. "Jurisdiction, once challenged, cannot be assumed and must be decided." Main v. Thiboutot, 100 S.Ct. 250. "Court must prove on the record, all jurisdictional facts related to the jurisdiction asserted." Latana v. Hopper, 102 F.2d 188; Chicago v. New York, 37 f. Supp. 150. "The law provides that once state and federal jurisdiction have been challenged, it must be proven." 100 S.Ct. 2502 (1980).

"The burden shifts to the court to prove jurisdiction." Rosemund v. Lambert, 469 f.2d 416. "Court must prove on the record, all jurisdiction facts releated to the jurisdiction asserted. Latana v. Hopper, 102 F.2d 188; Chicago v. New York, 37 F. Supp. 150. "The law requires proof of jurisdiction to appear on the record of the administrative agency and all administrative proceedings." Hahans v. Lavine, 415 U.S. 533.

If the court deems jurisdiction claims to be time barred, procedural default is asserted under IAC trial claim; United States v. Starks, (No. 19-3256)(10th Cir. May 27, 2022); In Martinez v. Ryan, 566 U.S. 1 (2012), Shinn v. Martinez Ramirez, (No. 20-1009)(S.Ct. May 23, 2022), Coleman v. Thompson, 501 U.S. 722, 750 (1991) Actual Prejudice. See also U.S. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982), Mattthew v. U.S. 114, F.3d 112, 113 (8th Cir. 1997).

5

Constitutional error IAC. Moreover the petitioner asserted this claim at direct appeal per Pro Se submission. This Court placed under seal.

### JUDGE RELIED ON FALSE INFORMATION
### VIOLATION OF DUE PROCESS

As required, a defendant must be afforded the opportinity to rebut derogatory information, when such information can be shown and revealed to be materially false, due process is violated, Stewart v. Erwin, 503 F.3d 488 (6th Cir. 2007); see also Collins v. Buckoe, 493 F.2d 343, 345 (6th Cir. 1974). It is clear that the state, not the defendant must bear the burden and hold responsibility to produce material information not to be false or misleading. And when such information is founded to be misled and falsity, the state must suffer and be placed in discomfort per the misconduct. Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948). A sentencing judge must be able to rely on the allegation of the presentence report as accurate, true information. Id. U.S. v. Pugliese, 805 F.2d 1117 (7th Cir. 1986), U.S. v. Pulley, 601 F.3d 660, 665 (7th Cir. 2010), see also U.S. v. Bradley, 628 F.3d. 394 (7th Cir. 2010) spectualtion or unfounded bias will not suffice. U.S. v. England, 555 F.3d 616, 622 (7th Cir. 2009).

Due to the presentencing report and the prosecutor's repeated symphony of inaccuracies caused the court to impose a more lengthy sentence, (8 point enhancement), see sentencing transcript. Therefore the sentence should be void [719 F.Supp. 868] U.S. v. Brown, 715 F.2d 387, 389 (8th Cir. 1983), citing U.S. v. Tucker, 404 U.S. 403, 447 (1972), the prosecutor's actions to double-down on misinformation in open court at sentencing when known over a year prior to sentencing that the defendant was actually innocent of ad placement, yet still pursued the miscarriage of justice with false blows not hard ones, Berger v.

U.S., 295 U.S. 78, 88 55 S.Ct. 629, 79 L.Ed 1314 (1935) See Model Rules of Professional Conduct R. 3.8 CMT(1)(2007).

Gross negligence by counsel amounting to virtual abandonment can be an extraordinary circumstances that justifies Rule 60(b)(6) relief... In such Circumstances, a petitioner may be excused from the consequences of his attorney's conduct where that conduct effectively severs the principal-agent relationship, Foley v. Biter, 793 F.3d 998, 1000 (9th Cir. 2015).

## DEFECTIVE INDICTMENT

In the case of U.S. v. Kyle parks, Counts 1, 3 and 5, §1591(a), every element of the indictment was not satisfied, with this dissatisfaction many elements of the charged offense were omitted. The element(s) of advertisments (before may 29, 2015), and patronises or solicits (post may 29, 2015), were not cited in the indictment nor jury instructions. Per Due Process, the defendant's alleged offense happened on December 3, 2015, the elements must be in the indictment. Four (4) important elements were left out of the jury instructions, Cupp v. Naughten, 414 U.S. 141, 147, 84 S.Ct. 396, 38 L.Ed.2d 368 (1973). Additionally the indictment failed to acknowledge the state violation, Missouri RMS§567-070.6 on habeas review. This court is bound by the state laws interpretation of a crime, Bradshaw v. Richey, 546 U.S. 74_ 126 S.Ct. 602 604.163 L.Ed.2d 407 (2005). Reasonable doubt in the standard of proof as to every single element. Counts 1, 3 and 5 have four missing elements, "advertize", "patronizes", "solicits", or "state offense". 3 and 5 are also missing "reasonable opportunity to observe" making a total of five, which is a mandate of Congress. The defendant must have benefitted finantially or have recieved something of value. This very court granted return of funds

to the petitioner because of a lack of evidence that the funds seized were in fact a product of illegal activity. See attached.

When the Grand jury is charged to rule on an indictment, after doing so, every element of the crime must be asserted for the trial jury's consideration. Can the Court be 100% sure that the many missing elements would have been proven? Counts 7,8 and 9 failed to state each alleged victim who was over the age of 18 by their names, and again, no state offense. A total of <u>Five</u> missing legally required elements were not stated in the indictment. This can only be considered plain error.

## LAW ENFORCEMENT MISCONDUCT

Rule 60 (b)(6) expresses an extraordinary and compelling circumstance(s) must be displayed to obtain relief. What can be more extraordinary than planting of evidence by the arresting officer, concealed by government attorneys and defense counsel? What can be more compelling than the evidence to show the misconduct by all. The District Court in it's ruling to deny 2255 stated that evidence was planted by Detective Black, however, the cell phones were not an element of the charged offense (ownership), so due process was not violated. A personal opinion not legally grounded by any case law anywhere. If fact the Supreme Court and this very circuit strongly denounces such conduct in Wong Sun v. U.S., 371 U.S. 471, 486, 9 L.Ed.2d 441, 83, S.Ct 407 (1963); Brown v. Illinois, 422 U.S. 590 602 45 L.Ed.2d 416, S.Ct. 2254 (1975); see also United States Ex Rel. Savory v. Lane, 832 F.2d 1011, 1016 (7th Cir. 1987) The government can not assert the evidence would have been discovered sooner or later when it was planted. The court is aware the Petitioner must demonstrate one of the following to pass the new gatekeeper of §2241. (1) Mistake,

(2) "inadvertance", (3) "surprise or excusable neglect" to justify relief. The Petitioner will assert "mistake". The District Court Judge for the Eastern District of Missouri was wrong on it's face. Kemp v. U.S., 142 S.Ct. 1856, 1860, 1862 N2, 1865 (2022) and Jones v. Hendrix, 8 F. 4th 683 (8th Cir., 2021) cert granted, 142 S.Ct. 2706 (2022)(mem). This Court can review and grant relief due to inadvertance of 28 U.S.C. §2255. In the case of U.S. v. Parks, 4:15-CR-00553 and 4:18-CV-1923, both have been administratively closed by the court.

### CONCLUSION

When Pray, the Petitioner do so with hopes that the Court GRANT relief on all issues, or at least one.

Respectfully Submitted,

_____
Kyle Maurice Parks
PRO SE